GREEN SAVITS, LLC
Glen D. Savits
25B Vreeland Road. Suite 207
Florham Park, NJ 07932
Telephone: (973) 695-7777
Gsavits@greensavits.com

GETMAN, SWEENEY & DUNN PLLC
Michael J.D. Sweeney*
Artemio Guerra*
260 Fair Street Kingston, New York 12401
Telephone: (845) 255-9370
Msweeney@getmansweeny.com
Aguerra@getmansweeney.com

*Attorneys for Plaintiffs and the Putative Class*
*\*pro hac vice applications forthcoming*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| VERONICA MARTINEZ, both individually and on behalf of all other similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>BROADRIDGE FINANCIAL SOLUTIONS, INC., and TMG MAILING SOLUTIONS, INC.,<br><br>Defendants. | Civil Action No.: _____<br><br>**Electronically Filed**<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT** |

## INTRODUCTION

1. This is a Fair Labor Standards Act (FLSA) collective action and a New York Labor Law Rule 23 class action brought to remedy Defendants' failure to comply with federal and state wage-and-hour laws.

2. Defendant Broadridge Financial Solutions, Inc. provides a broad array of communication and technology services including mailing and printing services to companies around the globe. Broadridge's customers include more than half of all public companies and mutual funds globally.

3. Defendant TMG Mailing Solutions, Inc. provides a workforce of manual laborers who work for Broadridge providing mailing and printing services at a facility located in Edgewood, New York.

4. Plaintiff and the class she seeks to represent seek overtime, spread of hours wages, statutory and liquidated damages, costs and attorneys' fees, as well as declaratory relief under the FLSA, 29 U.S.C. §201 *et seq.* and the New York Labor Law Articles 6 and 19 and their implementing regulations.

## JURISDICTION

5. Jurisdiction is conferred upon this Court by 29 U.S.C. §216(b) of the Fair Labor Standards Act, by 28 U.S.C. §1331, this action arising under laws of the United States, and by 28 U.S.C. §1337, and under Acts of Congress regulating commerce. Alternatively, jurisdiction is conferred upon this Court by 28 U.S.C.A. § 1332 (d) (the Class Action Fairness Act) because (1) upon information and belief the class has 100 or more members, (2) at least one class member is diverse to a Defendant, and (3) upon information and belief the amount in controversy is more than $5 million.

6. This Court has supplemental jurisdiction over any state claim raised by virtue of 28 U.S.C. §1367(a).

## VENUE

7. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(1), (c) because Defendants reside in this District and Defendants are subject to personal jurisdiction in this District.

## PARTIES

**Plaintiffs**

8. Named Plaintiff Veronica Martinez has been employed by Defendants as a manual laborer in the Edgewood Facility since March 2018 and her consent to sue is attached to this complaint.

9. Ms. Martinez is a resident of New York.

10. Ms. Martinez and the FLSA and New York class members she seeks to represent are current and former manual laborers who perform the hauling, sorting, and packing of printed materials at Defendants' mailing and printing facility in Edgewood, New York and generally have the position title of Hauler, Sorter, or Packer, or other similar titles. In this complaint these workers are collectively referred to as "Manual Laborers."

11. Named Plaintiff and other Manual Laborers' primary job is to perform the manual labor involved in the largescale printing and mailing of materials to Defendants' customers.

12. The term "Plaintiffs" as used in this complaint refers to the Named Plaintiff and any additional represented parties pursuant to the collective action provision of 29 U.S.C. § 216(b) and to such members of the class brought pursuant to Fed. R. Civ. P. Rule 23, as described below, individually, collectively, or in any combination.

13. Plaintiffs were engaged in commerce while working for Defendants.

**Defendants**

14. Defendant Broadridge Financial Solutions, Inc. (hereafter "Broadridge") lists its business address as Two Gateway Center, Newark, New Jersey.

15. Broadridge is a global company that provides proxy voting, communication, and technology services to over 50 percent of public companies and mutual funds globally.

16. Broadridge manages the end-to-end proxy voting process for its customers across all distribution channels, including customized mailing and printing, and operates a largescale mailing and printing plant located at 51 Mercedes Way, Edgewood, NY 11717.

17. Upon information and belief, Broadridge grossed more than $500,000 in each of the past six years.

18. Broadridge operates an enterprise engaged in commerce within the meaning of the FLSA.

19. Upon information and belief, Broadridge maintains control, oversight, and direction over the work of Plaintiffs at the Edgewood facility and is thus an employer of Plaintiffs within the meaning of 29 U.S.C. § 203(d).

20. Defendant TMG Mailing Solutions (hereafter "TMG") lists business address at 200 Circle Drive North, Piscataway, New Jersey.

21. TMG is a national provider of office management, mailing, and printing services and operates a mail sorting plant at 41 Mercedes Way, Edgewood, NY 11717. This TMG plant is in the same industrial park and across the street from the Broadridge mailing and printing plant located at 51 Mercedes Way. Unless otherwise noted, the TMG and Broadridge plants are referred to collectively as the "Edgewood Facility."

22. Upon information and belief, TMG grossed more than $500,000 in each of the past six years.

23. TMG operates an enterprise engaged in commerce within the meaning of the FLSA.

24. TMG Mailing Solutions acts directly and indirectly in Broadridge's interest in relation to its employees, including the Plaintiffs, and is an employer of Plaintiffs within the meaning of 29 U.S.C. § 203(d).

## FLSA COVERAGE

25. Broadridge is or has been an employer within the meaning of 29 U.S.C. §203(d).

26. Broadridge is and has been an enterprise within the meaning of 29 U.S.C. §203(r).

27. Broadridge is or has been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. §203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

28. TMG is or has been an employer within the meaning of 29 U.S.C. §203(d).

29. TMG is and has been an enterprise within the meaning of 29 U.S.C. §203(r).

30. TMG is or has been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. §203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

31. At all times hereinafter mentioned, Plaintiffs, and all those similarly situated, were individual employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207.

## FACTS

32. Broadridge operates the Edgewood Facility that provides customized mailing and printing services to the financial industry.

33. TMG provides a workforce of approximately two hundred Manual Laborers that perform work for Broadridge at the Edgewood Facility.

34. Plaintiffs are or were employed by Defendants as Manual Laborers at the Edgewood Facility and their primary job is to provide manual labor required for Broadridge's customized mailing and printing services.

35. Broadridge also employs machine operators, mechanics, technical workers, and other workers in its mailing and printing operations. There are approximately one thousand employees at the Edgewood Facility.

**Defendants Failed To Pay Plaintiffs Overtime.**

36. Defendants pay Named Plaintiff and other Plaintiffs $13 an hour and $19.5 for overtime hours. However, as further described below, as a matter of policy and practice Defendants fail to pay Plaintiffs for all their work hours.

37. Plaintiffs regularly work more than 40 hours per week for Defendants.

38. Plaintiffs are scheduled to work from 5:00AM to 5:00PM five days a week. The shift includes an unpaid 30-minute meal break

39. During periods of high demand for Defendants' services, Plaintiffs begin work before the start of their 5:00AM shift and work until 7:00PM in the evening. Weekend work is also common and expected.

40. Defendants record Plaintiffs work hours using the following systems:

    a. Badge: Plaintiffs are provided with a Broadridge badge and use the badge to swipe into the Broadridge facility. Upon information and belief, the badge system records the time when Plaintiffs arrive at work.

    b. Timeclocks: There are timeclocks located in multiple areas in the Edgewood Facility. Plaintiffs use a TMG badge to punch in and out at the timeclock closest to their work area. The timeclocks record the hours that Plaintiffs work in a particular work area.

    c. Logs: TMG also maintains physical logs located in multiple areas in the Edgewood Facility and requires Plaintiffs to sign the logs at the beginning and the end of their work assignments. The logs record the hours that Plaintiffs work in a particular work area.

    d. Receipts: TMG requires Plaintiffs to submit a written receipt noting their shift hours and a description of the jobs they performed.

41. Although Defendants credit Plaintiffs for some of their work hours, as a matter of policy and practice Defendants do not credit them for all their work hours and therefore do not pay Plaintiffs for all their work hours.

42. Defendants, as a matter of policy and practice, do not pay Plaintiffs when they start working before the beginning of their shift.

43. Although Plaintiffs regularly work a "spread of hours", i.e., a shift longer than ten hours per day, Defendants fail to pay them an additional hour of work at the minimum wage as required by the New York Labor Law and applicable regulations. 12 NYCRR §142-2.4(a).

44. Defendants knew or should have known that Plaintiffs worked more than forty hours a week and performed work that was not compensated.

45. Defendants suffer or permit Plaintiffs to work unpaid time and this work is for the benefit of Defendants.

46. Defendants assigned the work to Plaintiffs.

47. Defendants supervised the work Plaintiffs performed.

48. Defendants monitored the work Plaintiffs performed.

49. Defendants maintained electronic data, logs, and receipts that show the hours that Plaintiffs work.

50. Despite knowing the hours that Plaintiffs worked, Defendants did not pay them for all the hours they worked.

**Defendants Did Not Provide Plaintiffs Adequate Notice Upon Hiring Or Accurate Wage Statements As Required Under New York Law.**

51.  Defendants failed to provide Plaintiffs notice in writing at the time of hiring as required by N.Y. Lab. Law § 195 1(a).

52. The wage statements that Defendants provide to Plaintiffs do not list the accurate number of regular hours or overtime hours worked.

## COLLECTIVE ACTION ALLEGATIONS

53. Named Plaintiff brings this case as a collective action consisting of:

> All Manual Laborers employed by Defendants within the three years preceding the filing of a consent to sue and the date of final judgment in this matter. ("FLSA Class").

54. Defendants are liable under the Fair Labor Standards Act ("FLSA") for failing to pay all the overtime wages due to the Named Plaintiff and the FLSA Class. The Named Plaintiff and the FLSA Class Members work or have worked for Defendants and have been subjected to Defendants' policy and pattern or practice of failing to pay for all overtime wages for hours worked in excess of 40 hours per week.

55. Named Plaintiff's claim for overtime pay is similar to the claim of other FLSA Class Members and her claim depends on similar factual and legal questions including, but not limited to, whether Defendants knew or should have known that Plaintiffs worked overtime hours; whether Defendants failed and/or refused to pay the FLSA Class Members overtime wages; and whether Defendants' violations were willful.

56. There are many similarly situated employees who have been underpaid and injured in violation of the FLSA who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join it. Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.  Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## NEW YORK CLASS ALLEGATIONS

**The New York Class**

57. Named Plaintiff brings this case as a Rule 23 class action consisting of:

> All Manual Laborers employed by Defendants in New York at any time within the six years preceding the filing of the initial complaint and the date of final judgment in this matter. ("New York Class").

58. Upon information and belief, the New York Class is composed of more than 40 and possibly more than 200 individuals.

59. The Named Plaintiff and the New York Class Members work or have worked for Defendants as Manual Laborers and have been subjected to Defendants' policy and pattern or practice of: failing to pay for all overtime wages for hours worked in excess of 40 hours per week; failing to pay spread of hours pay; failing to provide adequate notice upon hiring; and failing to provide accurate wage statements.

60. Defendants acted and refused to act on grounds generally applicable to the New York Class Members, thereby making declaratory relief with respect to the New York Class appropriate.

61. There are questions of law and fact common to the New York Overtime Class including but not limited to: whether Defendants knew or should have known that Plaintiffs worked overtime hours; whether Defendants failed and/or refused to pay the New York Class Members overtime wages; whether Defendants failed to provide adequate notice upon hiring as required by the New York Labor Law; whether Defendants failed to provide accurate wage statements that reflected the accurate number of hours that Plaintiffs worked.

62. The claims of the Named Plaintiff are typical of the claims of the New York Class she seeks to represent.

63. The Named Plaintiff and her counsel will adequately protect the interests of the New York Class.

64. Common questions of law or fact predominate over individual questions and a class action is superior to other methods for the fair and efficient adjudication of the controversy.

**FIRST CAUSE OF ACTION: FLSA**
(Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.:
On Behalf of Named Plaintiff and the FLSA Class)

65. Defendants failed to pay premium overtime wages to Named Plaintiff and the FLSA Class in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §203, §207 *et seq*. and its implementing regulations.

66. Defendants engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Class and Collective Action Complaint.

67. Named Plaintiff and the FLSA Class Members worked in excess of forty hours in workweeks and were not compensated for all the overtime hours worked.

68. Defendants failed to keep accurate records of time worked by Named Plaintiff and the FLSA Class.

69. Defendants did not make a good faith effort to comply with the FLSA with respect to its compensation of Named Plaintiff and the FLSA Class.

70. Because Defendants' failure to pay proper premium overtime wages for each hour worked over 40 per week was willful, a three-year statute of limitations applies pursuant to 29 U.S.C. §255.

71. As a result of Defendants' violations of the FLSA, Named Plaintiff and the FLSA Class have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 et seq.

**SECOND CAUSE OF ACTION: NEW YORK OVERTIME**
(New York Labor Law Articles 6 and 19, §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142: On behalf of Named Plaintiff and the New York Class)

72. Defendants failed to pay premium overtime wages to the Named Plaintiff and the New York Class Members in violation of New York Labor Law Articles 6 and 19 and their implementing regulations, including but not limited to 12 NYCRR Part 142.

73. Defendants have engaged in a widespread pattern, policy, and practice of violating New York Labor Law Articles 6 and 19 and their implementing regulations, as detailed in this Class and Collective Action Complaint.

74. Named Plaintiff and the New York Class Members worked in excess of forty hours in workweeks and were not compensated for the overtime hours worked.

75. Defendants failed to keep accurate records of time worked by Named Plaintiff and the New York Class.

76. Defendants did not make a good faith effort to comply with the New York Labor Law with respect to its compensation of Named Plaintiff and the New York Class.

77. As a result of Defendants' violations of the New York Labor Law, Named Plaintiff and the New York Class have suffered damages by being denied overtime wages in accordance with the New York Labor Law in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to New York Labor Law Articles 6 and 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142.

**THIRD CAUSE OF ACTION: NEW YORK SPREAD OF HOURS PAY**
**(12 N.Y.C.R.R. § 142-2.4: On behalf of Named Plaintiff and the New York Class)**

78. Plaintiff and the New York Class were required to work in excess of ten (10) hours a day without being compensated for the legally mandated spread of hours pay. This practice is in violation of 12 N.Y.C.R.R. § 142-2.4.

79. Defendants failure to pay spread of hours pay was willful.

80. By reason of the foregoing Defendants are liable to Named Plaintiff and the New York Class in an amount to be determined at trial, plus costs and attorneys' fees.

**FOURTH CAUSE OF ACTION: NEW YORK NOTICE UPON HIRING**
**(New York Labor Law Article 6, § 195 (1)(a):**
**On behalf of Named Plaintiff and the New York Class)**

81. New York Labor Law §195(1)(a) requires employers to provide their employees, in writing in English and in the language identified by each employee as the primary language of such employee, at the time of hiring, a notice containing specific enumerated criteria. Each time the employer provides such notice to an employee, the employer shall obtain from the employee a signed and dated written acknowledgement, in English and in the primary language of the employee, of receipt of such notice, which the employer shall preserve and maintain for six years.

82. Defendants did not provide notice upon hiring as required by New York Labor Law §195(1)(a).

83. Defendants failure to comply with New York Labor Law §195(1)(a) was willful.

84. Defendants have engaged in a widespread pattern, policy, and practice of violating the New York Labor Law Article 6 requirement to provide notice upon hiring as detailed in this Class and Collective Action Complaint.

85. By reason of the foregoing, Defendants are liable to Named Plaintiff and the New York Class in an amount to be determined at trial, plus costs and attorneys' fees.

**FIFTH CAUSE OF ACTION: NEW YORK WAGE STATEMENTS**
**(New York Labor Law Article 6, § 195 (3):**
**On behalf of Named Plaintiff and the New York Class)**

86. New York Labor Law §195(3) requires that employers furnish non-exempt employees with a statement with every payment of wages listing their regular hourly rate or rates of pay; their overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked.

87. Defendants have engaged in a widespread pattern, policy, and practice of violating New York Labor Law §195(3) requirement to provide accurate wage statements as detailed in this Class and Collective Action Complaint.

88. Defendants failure to comply with New York Labor Law §195(3) was willful.

89. By reason of the foregoing, Defendants are liable to Named Plaintiff and the New York Class in an amount to be determined at trial, plus costs and attorneys' fees.

**RELIEF SOUGHT**

**WHEREFORE,** Plaintiff prays for judgment against Defendant with respect to the FLSA violations as follows:

1. Recognizing this proceeding as a collective action under §216(b) of the FLSA and ordering notice to the putative class members at the earliest opportunity to ensure class members' claims are not lost to the FLSA statute of limitations;

2. Finding Defendants liable for unpaid back wages due to Plaintiff (and those who have joined in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff under the FLSA;

3. Awarding Plaintiffs (and those who have joined in the suit) the costs of this action as provided under the FLSA;

4. Awarding Plaintiff (and those who have joined in the suit) their attorneys' fees as provided under the FLSA;

5. Awarding Plaintiff (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

**WHEREFORE,** Plaintiff prays for judgment against Defendant with respect to the New York Class as follows:

a. Certifying this action as a class action;

b. Designating Plaintiff as the Class Representative;

c. Declaring that the practices complained of herein are unlawful under the laws of New York;

d. Appointing the undersigned as class counsel;

e. Ordering appropriate equitable and injunctive relief to remedy Defendant's violations of state law, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

f. Awarding damages, liquidated damages, appropriate statutory penalties, and restitution to be paid by Defendant according to proof;

g. Awarding pre-judgment and post-judgment interest, as provided by law;

h. Ordering such other injunctive and equitable relief as the Court may deem just and proper;

i. Awarding Plaintiff attorneys' fees and costs of suit, including expert fees and costs; and

7. Granting such other and further relief as may be necessary and appropriate.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated:   April 7, 2020

                              Respectfully Submitted,

                              */s Glen D. Savits*
By:_____

                              Glen D. Savits
                              GREEN SAVITS, LLC
                              25B Vreeland Rd. #207
                              Florham Park, New Jersey 07932
                              Telephone: (973) 695-7777
                              Gsavits@greensavits.com


                              GETMAN, SWEENEY & DUNN, PLLC
                              Michael J.D. Sweeney*
                              Artemio Guerra*
                              260 Fair Street
                              Kingston, New York 12401
                              Telephone: (845) 255-9370
                              Msweeney@getmansweeney.com
                              Aguerra@getmansweeney.com

                              ***Attorneys for Plaintiffs and the Putative Class***

                              **pro hac vice applications forthcoming*